UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.8.38,<br><br>                          Defendant. | Case No.: 18cv231-BEN (BLM)<br><br>**ORDER DENYING EX PARTE MOTION TO EXPEDITE DISCOVERY**<br><br>**[ECF No. 4]** |

Currently before the Court is Plaintiff's February 13, 2018 "*EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE." ECF No. 4. Because the Defendant has not been identified, no opposition or reply briefs have been filed. Having reviewed Plaintiff's motion and all supporting documents, the Court **DENIES** the motion for the reasons set forth below.

I. **BACKGROUND**

Plaintiff alleges that it "is the owner of original, award winning motion pictures featured on its subscription-based adult website." ECF No. 4-1 at 6. On January 31, 2018, Plaintiff filed a complaint against John Doe 70.95.8.38 alleging copyright infringement. ECF No. 1 ("Compl."). Plaintiff alleges that Defendant has illegally infringed by downloading and distributing thirty of its copyrighted movies over the BitTorrent File Distribution Network for an extended period of

1

time. Id. at 2, 4. Plaintiff describes the BitTorrent network as a "system designed to quickly distribute large files over the Internet." Id. at 4. Plaintiff further alleges that Defendant, who "attempted to hide this theft by infringing Plaintiff's content anonymously" can be identified by his or her Internet Service Provider ("ISP"), Spectrum ("Time Warner Cable"), through his or her IP address 70.95.8.38. Id. at 2.

On February 13, 2018, Plaintiff filed the instant motion. ECF No. 4. Plaintiff seeks an order from the Court allowing it to serve a subpoena to Defendant's ISP seeking Defendant's true name and address pursuant to Federal Rule of Civil Procedure 45 so that Plaintiff may serve Defendant and prosecute the claims in its complaint. ECF No. 4-1 at 7.

## II. **LEGAL STANDARDS**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition. Id. In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See UMG Recordings, Inc. v. Doe, 2008 WL 4104207, at *3 (N.D. Cal. Sept. 4, 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify certain defendants. Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the plaintiff

must describe "all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant. Id. at 579. Third, plaintiff should establish that its lawsuit could withstand a motion to dismiss. Id.

**III. DISCUSSION**

For the Court to grant Plaintiff's motion, Plaintiff must first identify the Doe defendant with sufficient specificity to enable the Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction. Id. at 578. "Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using "geolocation technology" to trace the IP addresses to a physical point of origin." 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C_D63C23C91, No. 12CV00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012); see e.g., OpenMind Sols., Inc. v. Does 1-39, No. C 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (finding plaintiff met its burden to identify the Doe defendants with sufficient specificity by identifying the unique IP addresses of individuals engaged in BitTorrent protocol and using geolocation technology to trace the IP addresses to a point of origin within the state of California); Pink Lotus Entm't, LLC v. Does 1-46, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011) (same). "Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor." 808 Holdings, LLC, 2012 WL 12884688, at *4; see e.g., First Time Videos, LLC v. Does, No. C 11-01675 LB, 2011 WL 1431619, at *2 (N.D. Cal. Apr. 14, 2011) ("First, First Time Videos has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleges the particular defendant engaged in the infringing conduct.").

Here, the Court finds Plaintiff has failed to identify Defendant with sufficient specificity to enable the Court to determine Defendant would be subject to its jurisdiction. Plaintiff alleges in its complaint that it used "IP address geolocation technology by Maxmind Inc. ('Maxmind'), an

industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District." Compl. at 2; see also ECF No. 4-1 at 12. However, the allegation that Defendant's IP address traced to a physical address in this District is not supported in any declaration filed in support of the instant Motion that would indicate, for example, who used the geolocation technology, when it was used, and how it is probative of the physical location of the subscriber. Accordingly, no evidentiary support was provided to show that Defendant's IP address likely resolves to a physical address located in this District, and this Court cannot rely on Plaintiff's unsupported assertions regarding the use and accuracy of the geolocation technology Plaintiff contends to have applied. Therefore, the instant Motion must fail because there is no reliable evidence to support the allegation that Defendant is subject to this Court's jurisdiction. See Columbia Ins. Co., 185 F.R.D. at 578.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES without prejudice** Plaintiff's ex parte motion for leave to serve a third party subpoena prior to a Rule 26(f) conference.

**IT IS SO ORDERED**.

Dated: 2/23/2018

Hon. Barbara L. Major
United States Magistrate Judge